UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| ANGELA PEREZ DOWLING,<br><br>Petitioner,<br><br>-against-<br><br>STATE OF TEXAS,<br><br>Respondent. |

1:26-CV-1302 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Angela Perez Dowling, who appears *pro se*, filed this action naming the State of Texas as Respondent and asserting claims arising from events alleged to have occurred in Houston, Cypress, Springfield, and Spring, Texas. The Court understands this action as brought under 42 U.S.C. § 1983 and under state law. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Southern District of Texas.

## DISCUSSION

Under the appropriate venue provision for Plaintiff's claims, this action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other entity "with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

The State of Texas resides in all of the federal judicial districts that are located within the State of Texas, *see* 28 U.S.C. § 124, but not in this judicial district.[1] Thus, all of the United States District Courts for the federal judicial districts that are located within the State of Texas are proper venues for this action, under Section 1391(b)(1), but not this court.

Plaintiff alleges that the events that are bases for her claims occurred in Houston, Cypress, Springfield, and Spring, Texas, within Harris and Jim Wells Counties, Texas, in the Southern District of Texas, *see* § 124(b)(2), (6), not in this judicial district. Thus, it would appear that, while this court is also not a proper venue for this action under Section 1391(b)(2), the United States District Court for the Southern District of Texas is a proper venue for this action, under that provision.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This court is not a proper venue for this action, and all of the alleged events occurred in the Southern District of Texas. Because the federal district court for that judicial district is a proper venue for this action under Section 1391(b)(1) and (2), in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Texas. *See id.*

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of Texas. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. A summons shall not issue from this court. This order closes this action in this

court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order

would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the

purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 9, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
